```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

PRECIOUS OKEREKE,              )
    Plaintiff,                 )
                               )          C.A. No. 12-10352-NMG
    v.                         )
                               )
JUDGE THOMAS CONNORS, ET AL., )
    Defendants.                )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, (1) plaintiff's motion for leave to proceed in forma pauperis is allowed; (2) this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2); and (3) the Court certifies that any appeal of this Memorandum and Order would not be taken in good faith.

<u>BACKGROUND</u>

Plaintiff Precious Okereke, filed in the United States District Court for the Southern District of Indiana, a complaint against three Massachusetts Superior Court justices. <u>See</u> <u>Okereke v. Judge Thomas A. Connors, et al.</u>, No. 1:12cv194-RLY-TAB. That Court found no basis for venue in Indiana and transferred the case to the District of Massachusetts. <u>See</u> Docket No. 4 (transfer order).

Plaintiff's complaint is brought against three Massachusetts judges[1] alleging that she was denied equal protection and due process during litigation she commenced against Stop and Shop and

---

[1] The three defendants are Justice Thomas A. Connors, Associate Justice Bonnie H. Macleod and Justice Paul E. Troy.

several Boston Police officers.  Plaintiff seeks monetary damages and reinstatement of her action in state court.

## DISCUSSION

### I. The Filing Fee

Upon review of Okereke's financial disclosures in her Motion for Leave to proceed In Forma Pauperis (#2) indicating that her sole source of income is from public benefits and that she has no substantial assets, her Motion is allowed.

### II. Screening

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

### III. History of Vexatious and Frivolous Litigation

This civil action is part of a repeated pattern of vexatious

filings by Okereke.[2]  Other courts have recognized plaintiff's extensive litigation history and some have also imposed filing restrictions on plaintiff.  The Court's records indicate that on September 19, 2012, Judge Zobel entered an order in <u>Okereke v. Boston Police Hackney Division</u>, C.A. No. 11-11626-RWZ, dismissing the complaint for failure to state a claim and requiring plaintiff to seek leave of court before filing a new action in this Court.  <u>See</u> Docket No. 8 (09/19/12 Order), C.A. No. 11-11626-RWZ.  Okereke's motion for relief from judgment is now pending before Judge Zobel.  <u>See</u> Docket No. 10 (09/19/12 Order), No. 12cv11626-RWZ.

A search of PACER, the federal judiciary's electronic public access system, reveals that plaintiff has also been a prolific pro se litigant in several other federal district courts.[3]  She

---

[2]The Court's records indicate that Okereke has been a plaintiff in at least eight lawsuits in this Court.  <u>See</u> <u>Okereke v. Boston Police Hackney Division</u>, C.A. No. 11-11626-RWZ (motion for relief from dismissal pending, filed Oct. 1, 2012); <u>Okereke v. Wood</u>, C.A. No. 10-11154-MLW (closed Dec. 13, 2010); <u>Okereke v. Mass. Registry of Motor Vehicles</u>, C.A. No. 08-10711-RWZ (closed Feb. 17, 2009); <u>Okereke v. Mass. College of Pharmacy</u>, C.A. No. 11284-EFH (closed Feb. 5, 2007); <u>Okereke v. Registry of Motor Vehicles,</u> C.A. No. 06-10884-EFH (closed May 24, 2006); <u>Okereke v. Arbella Mutual Insurance</u>, C.A. No. 05-10287-GAO (closed Feb. 24, 2005); <u>Azubuko, et al. v. Urban Edge Property</u>, C.A. No. 05-10066-GAO (closed Feb. 24, 2005) and <u>Okereke v. Urban Edge Property,</u> C.A. No. 04-11992-GAO (closed Sept. 15, 2004).

[3]<u>See</u> <u>Okereke v. Judge Raymond Brassard</u>, C.A. No. 11-02781-LAB-WMC (S.D.Calif. 2012) (dismissed for failure to state a claim, Feb. 14, 2012); <u>Okereke v. U.S. Magistrate Judge Sherrill, et al.</u>, C.A. No. 10-371-VLB (D. Conn. 2010) (dismissed for lack of personal jurisdiction and improper venue, Apr. 14, 2010);

has also been a plaintiff in at least seven cases filed by Chukwuma Azubuko[4] in other federal district courts.[5]

---

Okereke v. State of New Hampshire, C.A. No. 04-358-RH-WCS (N.D. Fla. 2004) (dismissed for failure to state a claim, Oct. 26, 2004); Okereke v. Mass. College of Pharmacy & Allied Health Sciences, C.A. No. 02-3460-CAM (N.D. Georgia 2002) (granting defendant's motion to dismiss, Aug. 20, 2003); Okereke v. Massachusetts Police Commissioner, C.A. No. 04-74050-JAC-PJK (E.D. Mich. Apr. 29, 2005) (dismissing for failure to respond to show cause order, Apr. 29, 2005), denying 2008 motion to reopen, Jun. 5, 2008; Okereke v. Massachusetts' Registry of Motor Vehicles, No. 08-356-NAM-GHL (N.D.N.Y. 2005) (order transferring to District of Massachusetts, Apr. 10, 2008); Okereke, et al. v. Arbella Mutual Insurance Company, et al., C.A. No. 05-946-FLW-AMD (D. N.J. 2005) (denying IFP Order and recognizing improper venue, Feb. 22, 2005); Okereke, et al. v. University of Massachusetts, 05-23 (W.D. Oak, 2005) 05-1760-C (order dismissing as frivolous Feb. 23, 2005); Okereke v. Stermbridge, No. 08-2127-KMW (S.D.N.Y 2008) (dismissing, Mar. 3, 2008; see also 07/25/08 Order warning Okereke that she could be enjoined from filing further actions absent permission from a district judge, and/or that she could be subject to monetary sanctions should she make any additional frivolous and/or unreasonable submissions (Docket No.8)); Okereke v. Moye, No. 05-526 (E.D. Va. 2005) (order dismissing as frivolous, May 18, 2005); and Okereke v. Massachusetts' College of Pharmacy & Allied Health Sciences, D. Vt. No. 2008-142-jgm (order dismissing as frivolous, Jul. 31, 2008).

[4]Mr. Azubuko has been enjoined from filing actions without prior leave of court, See Azubuko v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, see also Azubuko v. Empire Insurance Company, C.A. No. 07-11958-EFH (order further modifying Order Enjoining Plaintiff, Nov. 1, 2007 ). Mr. Azubuko has been subject to monetary sanctions. See Azubuko v. Suffolk Superior court, C.A. No. 05-1060-RCL; Azubuko v. Empire Insurance Company, C.A. No. 07-11958-EFH.

[5]See Azubuko, et al. v. Skerritt, No. 202-23 (D. Conn. 2010) (dismissing pursuant to 28 U.S.C. § 1915(e)(2), Apr. 29, 2010); Azubuko, et al. v. Urban Edge Property Management, No. 04-481-RH-WCS (N.D. Fla. 2005) (transferred to the District of Massachusetts, Jan. 5, 2005); Azubuko, et al. v. Judge Haggerty, No. 11-23332 (S.D. Fla. 2011) (dismissing for lack of subject matter jurisdiction, Sept. 19, 2011); Azubuko, et al. v. Dedham Massachusets Police Commissioner, No. 06-152-JAW (D. Maine 2006)

4

IV. <u>Judicial Immunity</u>

The Court recognizes that Okereke's pro se complaint must be construed generously. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)(holding that pro se litigants are entitled to liberal construction of their pleadings). However, even construing the factual allegations in the broadest possible terms, the complaint fails to set forth any cognizable claim upon which relief may be granted.

To the extent that Plaintiff asserts claims against the three judicial defendants, based on her dissatisfaction with the manner in which her case was decided, the doctrine of absolute judicial immunity requires dismissal. The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act. <u>See, e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); <u>Pierson v. Ray</u>, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).

---

(dismissing as frivolous and for failing to state a claim pursuant, Dec. 28, 2006); <u>Azubuko, et al. v. Massachusetts Board of Bar Overseers</u>, No. 05-969-FSH-PS (D. N.J. 2005) (dismissing as frivolous, Feb. 23, 2005); <u>Azubuko, et al. v. State of New Hampshire</u>, No. 05-176-C (W.D. Oak. 2005) (dismissing as frivolous, Feb. 23, 2005); and <u>Azubuko, et al. v. Metropolitan Boston Housing Partnership</u>, No. 05-2012-R (N.D. Tex. 2005) (transferred to the District of Massachusetts, Oct. 19, 2005).

5

V.   Conclusion

Plaintiff's complaint is dismissed sua sponte because it lacks an arguable basis in law.  See 28 U.S.C. § 1915(e)(2). Generally, plaintiffs are granted leave to amend.  Here, however, amendment would be futile.  See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

Based on Okereke' litigation history, and the failure of the complaint to state any cognizable federal claim, any appeal by Okereke of this matter would not be taken in good faith.  Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  Id.  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed in forma pauperis in the district-court action may proceed on appeal in forma pauperis without further authorization unless the district court certifies that the appeal is not taken in good faith.  Id. Such a certification prohibits in forma pauperis status on appeal even though Okereke has been found to be indigent.  This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (#2) is ALLOWED.

2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

3. The Court certifies that any appeal of this Memorandum and Order would not be taken in good faith.

SO ORDERED.

```
 January 11, 2013                   /s Nathaniel M. Gorton
DATE                               NATHANIEL M. GORTON
                                   UNITED STATES DISTRICT JUDGE
```